**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Rick A. Edwards,
**Petitioner Below, Petitioner**

**FILED**

June 22, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-1219** (Kanawha County 12-AA-113)

**City of Charleston and Charleston**
**Police Civil Service Commission,**
**Respondents Below, Respondent**

**MEMORANDUM DECISION**

Petitioner, Rick A. Edwards, by counsel, Michael T. Clifford, appeals the order of the Circuit Court of Kanawha County, entered October 28, 2014, that affirmed a decision by the Charleston Police Civil Service Commission (hereinafter "the Commission") to sustain petitioner's termination as a City of Charleston Police (hereinafter "CPD") Officer. The City of Charleston, by counsel Paul D. Ellis, filed a response to petitioner's appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner joined the Charleston Police Department (hereinafter "CPD") in 2004, and maintained said employment until his termination in 2011. CPD Chief Brent Webster initiated termination proceedings against petitioner on September 27, 2010, issuing statutory notice to petitioner of his recommendation for termination on the basis of four separate incidents occurring between April and June 2010.[1]

The most severe incident of misconduct arose out of petitioner's actions during a traffic stop and vehicle search that occurred on June 9, 2010. During this stop, petitioner witnessed two suspects transitioning a loaded pistol while inside their vehicle, but failed to inform another less experienced officer who was present at the scene, and failed to take appropriate precautionary measures upon recognition of the weapon. In a subsequent search of the vehicle, another weapon was discovered in the car, but neither was identified as stolen. Petitioner did not arrest the driver or passenger in the vehicle;

---

[1] While the termination recommendation was based on four separate incidents, the Commission found that one incident, and petitioner's conduct surrounding the investigation of the incident, standing alone, was sufficient to justify petitioner's immediate dismissal from employment. Accordingly, we discuss in detail only the incident considered by the Commission to be grounds for termination.

rather, he allowed the pair to drive away with their weapons.[2]  During an investigation following this incident, petitioner made untrue statements regarding the location of the weapons in the vehicle, and misrepresented the amount of ammunition in the weapons. The Commission found that Petitioner's dishonesty was intended to cover up his failure to warn his fellow officer on the scene and his failure to take precautionary measures upon recognition of the weapon.

The CPD Conduct Review Hearing Board (hereinafter "Hearing Board") considered the termination recommendation issued by Chief Webster at a hearing on January 28, 2011.  The Hearing Board sustained the allegations against petitioner and ordered that petitioner's employment with CPD be terminated, finding that petitioner failed to obey regulations of the CPD regarding the completion of a required report, that petitioner gave inconsistent and misleading statements to his supervisors and investigators during the investigations of these incidents, and that petitioner's actions brought discredit upon the CPD and himself.  Petitioner appealed the order of the Hearing Board and requested a hearing with the Commission.

Upon hearing the issue, the CPD Civil Service Commission affirmed and sustained the Hearing Board's decision to terminate petitioner's employment.  In particular, the Commission found that petitioner's conduct surrounding the June 10, 2010, incident and his behavior during the investigation of the incident were sufficient, standing alone, to require immediate termination, without progressive discipline. Petitioner appealed the decision of the Commission to the Circuit Court of Kanawha County, and the circuit court affirmed.  This appeal followed.

In reviewing questions of law and findings of fact such as this, we are guided by the following standard of review:

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

Syl. Pt. 1, *Montgomery v. W. Va. State Police*, 215 W. Va. 511, 600 S.E.2d 223 (2004).

Further, in syllabus point one of *Appeal of Prezkop*, 154 W. Va. 759, 179 S.E.2d 331 (1971), we held "[t]he judgment of a circuit court affirming a final order of a police civil service commission, upon appeal therefrom as provided by statute, will not be reversed by this Court unless the final order of the commission was against the clear

---

[2]    Two weeks later, the same driver and vehicle were stopped by the CPD and the driver was found in possession of several thousand rounds of ammunition, multiple handguns, an AR-15 assault rifle, shotguns, and two improvised explosive devices, and was arrested.

preponderance of the evidence or was based upon a mistake of law." *Id.* at 759, 179 S.E.2d at 331.

Mindful of the foregoing principles, we consider petitioner's single assignment of error. Petitioner contends that the circuit court erred in upholding the decision of the Commission to terminate his employment with the CPD, and maintains that this Court should reverse. In support of his argument, petitioner cites his good history as an officer, asserts that termination was disproportionate to any misconduct by petitioner, and points to the personal animus of two supervising officers.

Petitioner alleges that two supervising officers launched a threat to accumulate complaints against him to have him fired. The Commission found that the matter involving the animosity of the supervising officers was not properly before it. Likewise, we find that this matter is not part of the case and controversy presented before this Court.

Further, Petitioner asserts that the incidents underlying the discharge of petitioner were minor in nature and are insufficient to warrant termination. In particular, Petitioner contends that Chief Webster stockpiled infractions against petitioner in order to achieve a more severe disciplinary action. However, the Commission found evidence existed which demonstrated that petitioner's conduct surrounding the June 10, 2010, incident and his behavior during the investigation of the incident was substantial in nature and sufficient, standing alone, to require immediate termination without progressive discipline.

We find that petitioner has not put forth sufficient evidence to demonstrate that the conclusions of the Commission and the circuit court are clearly wrong. Instead, petitioner has merely asserted excuses for why he should not be terminated – these assertions are insufficient to overcome the clearly wrong standard of review. Accordingly, the circuit court did not err in upholding the Commission's decision sustaining petitioner's termination.

For the foregoing reasons, we affirm the circuit court's October 28, 2014, order.

Affirmed.

ISSUED: June 22, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3